In the Matter of the Dissolution of C & M PLASTICS, INC., Appellant. JAMES C. COLLINS, as Trustee in Bankruptcy of TERRY L. MATTHEWS et al., Respondent.

Third Department, June 13, 1991

## APPEARANCES OF COUNSEL

*O'Connor, Gacioch & Pope (Martha Keeler Macinski* of counsel), for appellant.

*Ball, McDonough & Johnson, P. C. (Philip C. Johnson* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

Terry L. Matthews and a former business employee incorporated respondent, C & M Plastics, Inc. (hereinafter C & M), in 1982, but because of potential liability related to his prior employment Matthews allegedly requested that no stock be issued to him at that time. Thereafter, in 1983, Matthews and his wife filed a petition in Bankruptcy Court but failed to disclose the alleged ownership interest in C & M. Shortly after being discharged in bankruptcy in 1987, Matthews requested of C & M that he be issued stock representing his asserted 50% interest in the company. When his request was denied, Matthews commenced this proceeding to dissolve C & M pursuant to Business Corporation Law § 1104.* C & M moved to dismiss the petition for failure to state a cause of action, in part because Matthews was not the real party in interest. Supreme Court, among other things, denied the motion, prompting C & M to appeal.

As Matthews concedes, he is not the proper party to commence this proceeding. Both his asserted stock interest and any claims of injury inuring to that interest vested in petitioner, the bankruptcy trustee *(Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191, 195; *see, Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286, 290). The only property, other than abandoned, that may revest in the debtor at the conclusion of a bankruptcy proceeding is property listed in the schedule of assets to be distributed by the court for the creditors' benefit *(Dynamics Corp. v Marine Midland Bank, supra,* at 195-196). Having failed to disclose his alleged ownership interest, Matthews is precluded from bringing this proceeding against C & M *(supra,* at 198; *DeLarco v DeWitt,* 136 AD2d 406, 408; *Quiros v Polow,* 135 AD2d 697, 700, *lv dismissed* 72 NY2d 840; *see,* McLaughlin, Practice Commentaries,

---

* Sometime after this appeal was taken, Supreme Court substituted James C. Collins, the bankruptcy trustee, as petitioner. This court subsequently granted a motion to substitute Collins as respondent on appeal.

McKinney's Cons Laws of NY, Book 7B, CPLR Prec 1001, at 351).

Matthews contends that this objection is no longer viable for the real party in interest, the bankruptcy trustee, who apparently reopened Matthew's bankruptcy proceeding, has been substituted for Matthews in this matter. Substitution, however, is not an available mechanism for replacing a party petitioner who had no right to sue with one who has such a right (2 Carmody-Wait 2d, NY Prac §§ 11:28, 11:33, at 254-255, 261; *see, Bernard Bake Shop v Glassman,* 109 NYS2d 520, 522). The fact that Matthews is not the real party in interest is not curable by the simple expedient of substituting a new petitioner *(see,* 82 NY Jur 2d, Parties, § 45, at 55; *see also, Wells v Merrill,* 204 App Div 696; McLaughlin, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR Prec 1001, at 351). Accordingly, C & M's motion to dismiss should have been granted as Matthews is not the proper party to bring this proceeding and the bankruptcy trustee's substitution did not cure this defect.

CASEY, J. P., MIKOLL, MERCURE and CREW III, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied respondent's motion to dismiss the petition; motion granted and petition dismissed; and, as so modified, affirmed.