**In re CITY OF BRIDGEPORT, Debtor.**

**Bankruptcy No. 91–51519.**

United States Bankruptcy Court,
D. Connecticut.

June 20, 1991.

Ben A. Solnit, Tyler, Cooper & Alcorn, Hartford, Conn., for Conn. Conference of Municipalities.

Barbara Brazzel–Massaro, Office of City Atty., Bridgeport, Conn., for debtor City of Bridgeport.

Joan E. Pilver, Asst. Atty. Gen., Hartford, Conn., for State of Conn. and Bridgeport Financial Review Bd.

MEMORANDUM AND ORDER ON MOTION FOR INTERVENTION OR, IN THE ALTERNATIVE, AMICUS CURIAE STATUS

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On June 6, 1991, the City of Bridgeport, Connecticut filed a petition under chapter 9

of the Bankruptcy Code. On June 12, the State of Connecticut and the Bridgeport Financial Review Board (the "Board")[1] filed an objection to Bridgeport's petition on the grounds that the City is not authorized to be a debtor by State law, the City is not insolvent, and the petition was filed in bad faith.[2]

The Connecticut Conference of Municipalities ("CCM") is an unincorporated association of 115 Connecticut cities and towns.[3] On June 18, CCM filed the instant motion to intervene under Code § 1109(b) and Bankruptcy Rule 2018(a) or, in the alternative, to be appointed amicus curiae. CCM seeks intervention or amicus curiae status only to submit a memorandum of law and present a short oral argument on the issue of whether Bridgeport had the authority to file its petition. CCM argues that it should be allowed to participate in the hearing on the objection to the limited extent sought because, given its position as a representative for the majority of municipalities in the State, it has a substantial stake in the outcome of the objection; it

has a unique viewpoint and special expertise; and its participation will not delay a decision on the objection.

Bridgeport supports CCM's motion. The State and the Board oppose CCM's motion to intervene and its request to present oral argument as an amicus curiae, but do not oppose CCM's submission of a timely amicus memorandum of law.

## II.

CCM asserts that it is a party in interest in this case. I disagree. Code § 1109(b), made applicable by § 901(a), provides:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

"Party in interest" is not defined in § 1109(b) or otherwise in the Code. It appears, however, that in this circuit the concept has come to mean an entity that has a direct legal interest at issue in the case,

---

**1.** The Bridgeport Financial Review Board was established by the State in June, 1988, pursuant to Special Act No. 88–80. Section 1 of that Act provides:

It is hereby found and declared that a financial emergency exists in the town and city of Bridgeport, that the continued existence of this financial emergency is detrimental to the general welfare of the city and the state, that the town and city's continued ability to borrow in the public credit markets and the resolution of this financial emergency is a matter of paramount public interest and that to achieve this resolution it is necessary, appropriate and an essential public purpose to provide in this act for the financing of deficits resulting from the city's operations, the imposition of financial management controls and the creation of the Bridgeport financial review board to review the financial affairs of the town and city of Bridgeport, all in order to maintain access to public credit markets, to fund the city's accumulated deficits and to restore financial stability to the town and city of Bridgeport.

**2.** Bankruptcy Code § 921(c) provides:

After any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title. Code § 109(c) provides:

An entity may be a debtor under chapter 9 of this title if and only if such entity—

(1) is a municipality;

(2) is generally authorized to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter;

(3) is insolvent;

(4) desires to effect a plan to adjust such debts; and

(5)(A) has obtained the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;

(B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;

(C) is unable to negotiate with creditors because such negotiation is impracticable; or

(D) reasonably believes that a creditor may attempt to obtain a transfer that is avoidable under section 547 of this title.

**3.** There are 169 municipalities in Connecticut. Approximately 85% of Connecticut residents live in the 115 cities and towns represented by CCM.

rather than an entity that is merely interested in its outcome. *See Rosyln Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.),* 698 F.2d 571, 573 (2d Cir.1983) ("[T]he Bank must be either a creditor or a debtor to invoke the court's jurisdiction."); *In re Ionosphere Clubs, Inc.,* 101 B.R. 844, 848–51 (Bankr S.D.N.Y.1989) (finding that Consumers Union was not a party in interest as a representative of ticketholders in the case of a debtor airline). *See also In re Public Serv. Co. of New Hampshire,* 88 B.R. 546, 556–57 (Bankr.D.N.H.1988) (denying the motions of the New Hampshire Consumer Advocate and the Business and Industry Association of New Hampshire to be designated as parties in interest as the representatives of residential and industrial/commercial electric consumers, respectively, in the case of a debtor utility). I conclude that CCM is not a party in interest under § 1109(b).[4]

I do find, however, that it is appropriate to grant CCM limited amicus curiae status. Courts have broad discretion to appoint amici curiae. *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir.1982); *Pennsylvania Environmental Defense Foundation v. Bellefonte Borough,* 718 F.Supp. 431, 434 (M.D.Pa.1989). Where an entity has a special interest in a proceeding, its participation aids the court in resolving the issues before it, and its participation does not cause delay, it should be granted amicus status. *See Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir.1970); *United States v. Yonkers Contracting Co., Inc.,* 697 F.Supp. 779, 781 (S.D.N.Y.1988); *Leigh v. Engle,* 535 F.Supp. 418, 419–20 (N.D.Ill. 1982). CCM does have a special interest in this case. As noted, it represents the majority of municipalities in Connecticut. Be-

cause it represents the interests of municipalities in general, rather than those of just the City of Bridgeport, CCM may contribute a different and useful perspective. Finally, as the amicus status to be granted will be limited, the addition of CCM will not delay or complicate the resolution of the issues raised by the objection.

### III.

For the foregoing reasons, the CCM motion to be granted amicus curiae status is granted; CCM will be permitted to file a memorandum of law addressing part I of the objection by 10:00 a.m. on Monday, June 24; CCM will be allowed one half of one hour to present oral argument at the hearing scheduled for June 26 at 10:00 a.m.; and IT IS SO ORDERED.

---

**4.** Bankruptcy Rule 2018(a) provides:

> **Permissive Intervention.** In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

Although an entity does not have to be a party in interest to be granted permissive intervention under Bankruptcy Rule 2018(a), *see In re Public Serv. Co. of New Hampshire,* 88 B.R. 546, 556–57 (Bankr.D.N.H.1988) (granting two entities which had been denied designation as parties in

interest limited intervention rights under Rule 2018(a)); *Official Comm. of Unsecured Creditors of Allegheny Int'l, Inc. v. Mellon Bank, N.A. (In re Allegheny Int'l, Inc.),* 107 B.R. 518, 524 (W.D.Pa. 1989) ("Rule 2018(a) appears to apply to parties not governed by § 1109(b)."), there are conditions for qualification under that rule. I need not address CCM's motion for intervention under Rule 2018(a) because its motion was stated in the alternative and for the reasons that appear in the text, *infra,* limited amicus curiae is appropriate.