■ MARK ROBINSON, Appellant, v J.A. WIERTEL CONSTRUCTION, Defendant, and BENDERSON DEVELOPMENT Co., INC., Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court correctly determined that plaintiff lacked standing to pursue a claim for personal injuries against defendant Benderson Development Co., Inc., be-

cause the cause of action remained the property of the bankruptcy estate. All property, including a cause of action for personal injuries, becomes the property of the bankruptcy estate (see, Seward v Devine, 888 F2d 957). All assets of the debtor must be listed on the schedule of assets (11 USC § 521 [1]). If a debtor fails to schedule an asset, the asset cannot be "dealt with" during the bankruptcy and, therefore, title to the asset remains in the bankruptcy estate (see, Dynamics Corp. v Marine Midland Bank, 69 NY2d 191, 196-197). Having failed to list a personal injury cause of action against Benderson on his schedule of assets, plaintiff is precluded from pursuing the claim (see, Matter of C & M Plastics [Collins], 168 AD2d 160, 161; DeLarco v DeWitt, 136 AD2d 406, 408).

Plaintiff's argument that the Trustee was aware of his personal injury action and abandoned it is without merit. A Trustee cannot abandon an asset unless notice of the abandonment is given to the creditors of the debtor and the creditors are provided with an opportunity to be heard (11 USC § 554). There can be no abandonment without notice (see, Sierra Switchboard Co. v Westinghouse Elec. Corp., 789 F2d 705). The record reveals that plaintiff's bankruptcy was treated as a "no asset" case, and there is no evidence that notice of the abandonment of plaintiff's personal injury cause of action against Benderson was given to plaintiff's creditors. Consequently, plaintiff's complaint was properly dismissed. (Appeal from Order of Supreme Court, Erie County, Sedita, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.