■ RONALD KOCH, Respondent, v NATIONAL BASKETBALL ASSOCIATION, INC., et al., Appellants. [666 NYS2d 630] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered June 30, 1997, which, in an action to recover damages for defendants' alleged loss of plaintiff's photographic slides, insofar as appealed from, denied defendants' motions for summary judgment dismissing the complaint for lack of standing to sue, unanimously modified, on the law, to deny the motions with leave to renew, including the request for sanctions, upon conclusion of the Bankruptcy Court hearing referred to in the order of that court dated November 26, 1996, and otherwise affirmed, without costs.

The doctrine of judicial estoppel, which, in a bankruptcy context, bars a party from pursuing claims not listed in a bank-

---

ruptcy proceeding that resulted in the party's discharge (*see,* *Cafferty v Thompson,* 223 AD2d 99, 102, *lv denied* 88 NY2d 815), does not apply in the absence of a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets (*see, Manhattan Ave. Dev. Corp. v Meit,* 224 AD2d 191, *lv denied* 88 NY2d 803). Here, the reopening of the bankruptcy proceeding, which the Bankruptcy Court was empowered to do in its sole discretion (11 USC § 350 [b]; *see, Bartle v Markson,* 357 F2d 517, 523), revived the original bankruptcy proceeding and all the procedural and substantive rights of the debtor therein, plaintiff herein (*In re Cassell,* 41 Bankr 737, 740), and thereby nullified the final determination upon which a judicial estoppel could be predicated. Nevertheless, since the order reopening the bankruptcy proceeding was granted with the proviso that a hearing be held on notice to defendants, their remedy, as parties in interest, is to contest the reopening before the Bankruptcy Court, and should they prevail, to renew their summary judgment motions to dismiss the complaint as barred by judicial estoppel. Concur—Murphy, P. J., Sullivan, Wallach, Tom and Andrias, JJ.