In re Eugene F. COSTELLO, Debtor.

Carol Callihan, Plaintiff,

v.

Eugene F. Costello, Defendant.

Bankruptcy No. 899–88563–511.
Adversary No. 800–8027–511.

United States Bankruptcy Court,
E.D. New York.

Nov. 13, 2000.

Howard J. Wunderlich, Lake Grove, NY, for plaintiff.

John P.A. Marcin, Hempstead, NY, for defendant.

*OPINION*

MELANIE L. CYGANOWSKI, Bankruptcy Judge.

### (Motion for Summary Judgment; Motion to Compel)

Carol Costello Callihan ("Plaintiff" or "Callihan") commenced this adversary proceeding by summons and complaint filed on January 18, 2000. The complaint contains twelve claims for relief: some allege that certain debts should be declared nondischargeable under several sections of 11 U.S.C. § 523, and some seek to bar the Debtor's discharge pursuant to 11 U.S.C. § 727.

Eugene Costello ("Debtor" or "Costello") filed an answer with counterclaim on March 31, 2000, after an extension of time to do so. On May 22, 2000, Costello moved for summary judgment; on June 6, 2000, Callihan moved to compel him to comply with her request to produce certain documents. Both motions were opposed, and on June 20th, this Court took the matter under advisement and permitted the filing of supplemental papers. The Defendant filed a further memorandum of law; Plaintiff did not file any supplemental papers.

*The Motion to Compel*

Callihan's counsel alleges that on April 24, 2000, he served a request upon the Debtor for the production of documents. He alleges that no response was received and that on May 10, he followed up with a letter—still with no response. He therefore seeks an order compelling the Debtor to produce the documents within seven days and directing the Debtor to pay all costs and expenses incurred in obtaining that order.

Debtor's counsel responds that on at least three occasions prior to May 30, he attempted to contact Callihan's counsel by phone and left messages, but that his calls were never returned. He further alleges that on May 31 (after the filing of the motion), he served a response to the document request and that since the document

request (as amended) was served on May 10, his response was timely. He further points out that Plaintiff's papers are procedurally defective in that they do not contain a certification that Plaintiff has in "good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed.R.Civ.P. 37(a)(2)(B).[1]

The Court agrees that Plaintiff's counsel has failed to comply with that rule. But, the Court believes that Plaintiff's motion is now moot by reason of Debtor's response, and the motion is therefore marked off the calendar.[2] To the extent that plaintiff believes that the response by the Debtor is insufficient, it will be necessary for a new motion to be made, in compliance with the federal rules and specifically, Fed.R.Civ.P. 37(a).

*The Motion for Summary Judgment*

Neither party filed a statement pursuant to Local Rule 7056–1. Nevertheless, the Court has considered the legal arguments in support of the motion and Callihan's opposition thereto.

■ The Debtor argues that Callihan lacks standing to bring the adversary proceeding or, alternatively, that she has "effectively admitted that there is no merit to her claim." *Def. Motion for Summary Judgment,* at 1. The motion is not directed to any particular claim for relief, though the complaint contains twelve. The first nine relate to various debts allegedly owed as a result of the parties' divorce and assert nondischargeability under several subsections of Section 523. The last three assert facts in support of claims under Section 727. The Debtor's argument that Callihan lacks standing is more general,

however, and is based upon the following: Callihan herself filed a Chapter 7 in January of 2000. Schedule B of her petition (listing personal property), item 16, required her to list any "alimony, maintenance, support and property settlements to which the debtor is or may be entitled." The word "None" is typewritten in response. The Debtor contends that this was false and that Callihan's failure to list the assets means that the abandonment which takes place pursuant to 11 U.S.C. § 554(c)[3] upon closing of the estate did "not revest title in the debtor as to unscheduled assets of which trustee was ignorant and had no opportunity to make an election." Thus, the Debtor argues that any claims or causes of action which Callihan may hold against the Debtor remain property of Callihan's *bankruptcy estate,* and that only her trustee has the capacity to sue. For this reason, the Debtor urges that plaintiff lacks standing to bring the pending adversary proceeding.

Callihan's counsel (*not* Callihan) filed an affirmation in opposition to the motion, in which he makes factual assertions which are not supported by competent evidence, such as an affidavit of his client or someone else with personal knowledge. In his affirmation, counsel claims that Callihan had "forgotten" about the separation agreement with the Debtor at the time she filed her bankruptcy and that she believed she had no ability to recover any funds from the Debtor. He also claims that even had she listed the assets, any claim she held to Debtor's annuity would have been exempt under New York state law. He further argues that Callihan "should not be denied standing to pursue her causes of action which include claims for child sup-

1. Counsel incorrectly cites to Fed.R.Civ.P. 37(b)(2)(A).

2. For this reason, the Court denies Plaintiff's request for "costs and expenses."

3. 11 U.S.C. §§ 554(c) and (d) provide:
   (c) Unless the court orders otherwise, any property scheduled under section

521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
   (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

port which would not be property of the estate," but cites no law in support of any of his arguments. He does not dispute that the claims against the Debtor were not listed in Callihan's schedules but should have been.

The Debtor's counsel filed a supplemental memorandum of law, in which he also makes factual assertions without any corresponding evidentiary support (*see, e.g.,* "since plaintiff previously agreed to convert the annuity funds to cash, her claim would at best be for breach of contract"). He characterizes plaintiff's contention that she forgot about the assets as "incredibly weak."

▮ Notwithstanding the conflicting factual accounts and the lack of evidentiary basis for counsels' respective statements, the Court concludes that the disputed facts are not material, and that the matter can be resolved on the law. Under 11 U.S.C. § 541, all of Callihans' legal and equitable interests in property became property of her bankruptcy estate upon her filing. Without question, Callihan had the duty under 11 U.S.C. § 521(1) to file a schedule disclosing all assets and liabilities. Assets which must be disclosed include all causes of action which can be brought by the debtor. *Rosenshein v. Kleban,* 918 F.Supp. 98 (S.D.N.Y.1996). The disclosure requirement allows the trustee and the creditors to determine whether the assets, including causes of action, should be pursued on the creditors' behalf. *Dynamics Corporation of America v. Marine Midland Bank–New York,* 69 N.Y.2d 191, 513 N.Y.S.2d 91, 505 N.E.2d 601 (1987). During the pendency of Callihan's bankruptcy case, it was the trustee, and not Callihan, who had the capacity to pursue her claims. 11 U.S.C. § 323; *Tyler House Apartments, Ltd. v. United States,* 38 Fed.Cl. 1 (1997) (only a chapter 7 trustee, as representative of the estate, has authority to prosecute a cause of action arising out of a pre-petition contract).

▮ Assets which Callihan had, as of the date of filing, but did not schedule, were not abandoned to her upon closing of the case. 11 U.S.C. § 554. *See also Kagan v. Swider,* 2000 WL 158329 (E.D.La. Feb.10, 2000) (a pre-petition asset must be properly scheduled in order to pass to a Chapter 7 debtor through abandonment upon discharge). A long line of cases uniformly hold that where a debtor fails to list a claim as an asset on a bankruptcy petition, the debtor is without legal capacity to pursue the claim on his or her own behalf post-discharge. *Kagan, supra; Rosenshein, supra; George Strokes Elec. & Plumbing, Inc. v. Dye,* 240 A.D.2d 919, 659 N.Y.S.2d 129 (1997); *In re Drexel Burnham Lambert Group, Inc.,* 160 B.R. 508 (S.D.N.Y.1993); *Robinson v. J.A. Wiertel Const.,* 185 A.D.2d 664, 586 N.Y.S.2d 59 (1992). This is so regardless of whether the failure to schedule causes of action is innocent. *Dynamics Corp., supra,* 513 N.Y.S.2d at 94, 505 N.E.2d 601. Several courts have also used the doctrine of judicial estoppel to prevent a debtor from pursuing undisclosed causes of action, on the theory that the "integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *Rosenshein, supra,* 918 F.Supp. at 104. Accordingly, at this point in time, Callihan lacks standing to pursue claims based upon or arising out of assets that were not disclosed on her bankruptcy petition, *e.g.,* the separation agreement.

The case of *In re Cundiff,* 227 B.R. 476 (6th Cir. BAP 1998), is on all fours with the circumstances found here. In that case, a woman was ordered by a state court to pay $10,000 to her ex-husband in a domestic relations case. Prior to paying it, her ex-husband filed for relief under chapter 7. His schedules omitted the debt owed to him by his former wife. He subsequently received a discharge. The wife also filed a chapter 7 petition, and in her case, the ex-husband filed a complaint to determine the dischargeability of the $10,000 debt pursuant to 11 U.S.C. § 523(a)(5). The Bankruptcy Appellate

Panel of the Sixth Circuit held that the ex-husband lacked standing to file a dischargeability proceeding, reasoning that the "only party with a present interest in that judgment is the trustee in [the ex-husband's] case. Because the [ex-husband] has no interest in the judgment, as a matter of federal law, he has no standing to pursue collection ... including filing a complaint for nondischargeability...." *Cundiff*, 227 B.R. at 479.

Accordingly, the Court grants summary judgment in favor of the Debtor on all of the causes of action grounded upon Section 523. The Court expresses no opinion as to Callihan's other remedies, if any. *See, e.g., In re Koch*, 229 B.R. 78 (Bankr.E.D.N.Y. 1999).

■ This ruling does not conclude the matter, however, because the tenth, eleventh and twelfth causes of action seek relief under 11 U.S.C. § 727. Callihan's failure to list claims against the Debtor may deprive her of standing to assert those claims, but it does not eliminate her status as a creditor. In other words, the Debtor does not dispute that he owes a debt to Callihan; rather, he contends that her trustee is the sole party having standing to collect. In theory, Callihan's trustee could sue the Debtor, recover on the claim and, in the event of a surplus, then distribute the monies to Callihan. It therefore follows that Callihan, notwithstanding her inability to sue on the claim, is a "creditor" within the meaning of 11 U.S.C. § 101(9)(A).[4] That is, she has a claim, or a right to payment, as against the Debtor, even if the latter does not arise unless there is a residual surplus.

Section 727(c)(1) specifically provides that the "trustee, a creditor, or the United States trustee may object to the granting of a discharge" in Chapter 7 cases. Because Callihan is a creditor, she has standing to object to the grant of a discharge pursuant to Section 727. Accordingly, the Debtor's motion is denied as to the 10th, 11th and 12th causes of action, and those claims shall proceed to trial.

### CONCLUSION OF LAW

The Court has jurisdiction over the subject matter and the parties to this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2), and the Order dated August 28, 1986 of the United States District Court for the Eastern District of New York. Venue is proper.

This constitutes the Court's findings of fact and conclusions of law to the extent the same are required. Fed.R.Bankr.P. 7052. For all of the foregoing reasons, the motion for summary judgment is granted in part and denied in part, and the motion to compel is deemed moot.

The parties are directed to appear by counsel for a further pre-trial conference on December 6, 2000 at 9:00 a.m. in Courtroom 960, United States Bankruptcy Court, The Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York. Defendant's counsel is directed to settle an order on notice within ten days hereof.

---

4. Section 101(10)(A) defines a creditor as "any entity that has a claim against the debtor at the time of or before the order for relief concerning the debtor." A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured." 11 U.S.C. § 101(5)(A). A "claim" can also be a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment...." 11 U.S.C. § 101(5)(B).