OPINION OF THE COURT
Peter Tom, J.
Respondent moves for an order vacating a stipulation of settlement and restoring this proceeding to the calendar or in the alternative staying the petitioner from proceeding on the ground that this court no longer has jurisdiction over this proceeding based upon the fact that petitioner has filed a *444 petition for protection under chapter 11 of the Bankruptcy Code (11 USC ch 11).
This is a summary holdover proceeding commenced by petitioner against respondent to recover certain commercial premises on the ground that respondent’s month-to-month tenancy has been terminated.
Petitioner moved for summary judgment and after numerous adjournments of the motion the parties settled this case in court by a stipulation of settlement dated March 8, 1990 in which respondent consented to a final judgment of possession in favor of petitioner with issuance of the warrant forthwith and execution stayed to April 3, 1990.
Respondent subsequently learned that petitioner filed a petition for bankruptcy on February 15, 1990 and brings the instant motion. Respondént argues in this motion that petitioner’s filing of a petition for bankruptcy under chapter 11 triggers the automatic stay provision of the Bankruptcy Code which stays this proceeding.
Respondent’s contention that petitioner’s bankruptcy proceeding automatically stays this holdover proceeding is unpersuasive.
Bankruptcy Code § 362 (11 USC § 362) provides in relevant part:
"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—
"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title * * * or to recover a claim against the debtor that arose before the commencement of the case under this title”.
The language of section 362 of the Bankruptcy Code is explicit that the automatic stay provision applies only to the commencement or continuation of an action or proceeding against the debtor. The statute does not stay a debtor from the commencement or continuation of an action or proceeding against a third party. The effort of a debtor in bankruptcy to recover its assets for the benefit of its creditors does not come in conflict with the intended purpose of the automatic stay provision of the Bankruptcy Code. (See, Meyer v Fleming, 327 US 161.)
*445 The purpose of the automatic stay provision of the Bankruptcy Code is to preserve in status quo the solvent estate of the debtor so as to provide a systematic and equitable reorganization or liquidation for the benefit of all creditors of the estate, and thereby preventing chaotic and multiple proceedings to recover the debtor’s assets in different courts. (Matter of Holtkamp, 669 F2d 505; In re White Motor Credit Corp., 37 Bankr 631.)
In the present case, it is petitioner who filed for protection under chapter 11 of the Bankruptcy Code. This summary proceeding is not an action against the debtor but rather, this proceeding was instituted by the debtor against respondent, and therefore, the automatic stay provision of the Bankruptcy Code is not applicable.
That portion of respondent’s motion for an order staying this proceeding pending the outcome of the bankruptcy proceeding is denied.
Although this proceeding is not stayed by petitioner’s filing of a petition for bankruptcy, there is a procedural problem with petitioner’s instant holdover proceeding.
Once a debtor files for bankruptcy, the trustee in bankruptcy stands in the shoes of the debtor and becomes the legal representative of the estate with powers to assert rights involving estate property including the power to commence and prosecute an action or proceeding on behalf of the estate. (Vreugdenhil v Hoekstra, 773 F2d 213; In re McCorhill Publ., 86 Bankr 783; 11 USC § 323.)
All legal and equitable interests of the debtor in property vest in the trustee from the time bankruptcy is filed. Only the trustee can act to recover assets of the debtor, and it is the trustee, not the debtor, who has legal capacity to sue upon a cause of action for damages arising prior to filing a petition in bankruptcy. (Jones v Chrysler Credit Corp., 417 So 2d 425, cert denied 420 So 2d 456 [La], cert denied 459 US 1114.)
When petitioner’s motion for summary judgment was adjourned to March 8, 1990, petitioner did not inform this court nor apprise respondent that it had already filed for bankruptcy under chapter 11 on February 15, 1990. Instead, petitioner sought a judgment against respondent and subsequently this case was settled under those terms.
Since petitioner was divested of any authority to act on behalf of the estate in bankruptcy once petitioner has filed a petition for protection under chapter 11 of the Bankruptcy *446 Code, any action taken by petitioner without a trustee in this proceeding including the entry of the stipulation of settlement on March 8, became null and void. It is the trustee who is vested with the authority to either permit the suit to continue, start a new lawsuit or cause the suit to be abated. (Meyer v Fleming, supra). The trustee of the bankruptcy estate in this case was not appointed until March 16,1990.
Accordingly, that portion of respondent’s motion for an order vacating and setting aside the stipulation entered into by the parties on March 8, 1990, is granted. The final judgment of possession entered in favor of petitioner against respondent dated March 8, 1990 together with the warrant of eviction are hereby vacated.
Petitioner’s motion for summary judgment and the instant proceeding are hereby marked off the calendar pending the determination by the trustee in bankruptcy as to whether he wishes to proceed with this proceeding. If the trustee wishes to proceed with this holdover proceeding, he shall properly move to intervene and be substituted as a party petitioner in this proceeding and to restore this proceeding and petitioner’s motion for summary judgment back to the calendar.