OPINION OF THE COURT
William H. Keniry, J.
This personal injury action arises out of a 1979 motor vehicle accident. The action was commenced in 1981. The most recent trial date of March 19, 1993 was adjourned by the court because defendants made a motion to dismiss the action, pursuant to CPLR 3211 (a) (3), on the ground that the plaintiffs, by reason of their having been discharged in bankruptcy in 1991, lack the legal capacity to continue to prosecute this action.
The facts pertinent to the pending motion are as follows: In March 1991, plaintiffs, as husband and wife, filed a voluntary petition under chapter 7 of the United States Bankruptcy Act seeking a discharge of their personal debts, both secured and unsecured, totaling $57,000. In their petition, plaintiffs reported assets of just under $4,000. The causes of action for which recovery of money damages is sought in this action, a personal injury cause of action on behalf of plaintiff Roberta Reynolds and a derivative cause of action on behalf of plaintiff Forrest Reynolds, were not listed as contingent and unliquidated assets of the plaintiffs in their bankruptcy petition. A bankruptcy trustee was appointed for the plaintiffs. Plaintiffs were represented by an attorney in the bankruptcy proceeding but the attorney was not the same attorney who represents them in this action. The trustee was unaware of the existence of this action and filed a final report with the Bankruptcy Court indicating, inter alla, that the Reynolds’ bankruptcy was a "no asset” case. On August 13, 1991 plaintiffs were granted a final discharge by the Bankruptcy Court.
After this motion was made on January 29, 1993, plaintiffs initiated a proceeding in the United States Bankruptcy Court for an order to reopen the bankruptcy proceeding and to have a successor trustee appointed. A successor interim trustee was appointed on February 16, 1993 and said trustee, Gregory G. Harris, Esq., together with plaintiffs, oppose the instant motion. The interim trustee contends that plaintiffs’ causes of action are now contingent assets of the bankrupt estate and *861 that any monetary recovery by plaintiffs in this action, which exceeds the expenses of litigation and certain personal exemptions the debtors are entitled to claim, would be used to satisfy the debts owed by plaintiffs to the creditors listed in their petition.
Defendants rely primarily upon a line of cases beginning with Dynamics Corp. v Marine Midland Bank-N. Y. (69 NY2d 191) as standing for the proposition that a bankrupt may not pursue a claim in his or her own behalf which was not disclosed in such bankrupt’s schedule of assets. Defendants contend that plaintiffs lack the legal capacity to continue to prosecute such undisclosed causes of action. Defendants further argue, based upon the case of Matter of C & M Plastics (Collins) (168 AD2d 160), that the facts that a successor trustee has now been appointed by the Bankruptcy Court and that plaintiffs’ bankruptcy proceeding has been reopened do not cure the defect.
It is well settled that, upon the filing of a bankruptcy petition, title to a bankrupt’s property including contingent assets vests in the trustee (Stein v United Artists Corp., 691 F2d 885). Thus it is beyond cavil that the instant causes of action are now the property of the successor trustee unless and until abandoned by him. In C & M Plastics (supra) the bankrupt plaintiff commenced an action concerning a nondisclosed asset after receiving a discharge in bankruptcy. Thereafter the bankruptcy trustee sought to be substituted as the real party in interest. The Appellate Division, Third Department, held that such substitution could not be made since the bankrupt debtor had no right to initiate the action in the first place. Yet in a later proceeding (Matter of C & M Plastics [Collins — Coons], 194 AD2d 1020), the bankruptcy trustee in the reopened bankruptcy proceeding successfully brought a dissolution proceeding in his own name.
In this case, plaintiffs’ action was commenced and pending long before plaintiffs filed for bankruptcy and thus jurisdiction had been acquired over defendants. Had the existence of these causes of action been duly disclosed by plaintiffs, the original trustee would indeed have been able to continue to prosecute the action for the benefit of the bankrupt estate unless the assets were abandoned. There is no evidence that plaintiffs intentionally withheld disclosure of this action. They aver that they told their bankruptcy attorney of its pendency. Were defendants’ dismissal motion granted, a windfall would *862 inure to defendants to the detriment of the bankrupt estate since a potential liability which was properly asserted against defendants before plaintiffs filed for bankruptcy will be extinguished.
In DeLarco v DeWitt (136 AD2d 406), the Appellate Division, Third Department, implicitly recognized that relief might lie in Bankruptcy Court to permit the prosecution of originally undisclosed causes of action. Plaintiffs, in this case, have obtainéd affirmative relief from the Bankruptcy Court and their causes of action against defendants are now assets controlled by the bankruptcy trustee and subject to continued prosecution.
The substitution of the trustee as the proper party plaintiff is appropriate in this case. Although a formal motion to substitute the interim trustee as plaintiff has not been made, the court has the power under CPLR 1018 and 2001 to direct a substitution in a case such as this where the substantial rights of the defendants are not prejudiced.
Defendants’ motion is denied without costs and Gregory G. Harris is substituted as plaintiff in place and stead of Roberta Reynolds and Forrest Reynolds.