■ ROBERTA REYNOLDS et al., Respondents, v BLUE CROSS OF NORTHEASTERN NEW YORK, INC., et al., Appellants, et al., Defendant. [620 NYS2d 164] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered September 7, 1993 in Schenectady County, which denied defendants' motion to dismiss the complaint due to plaintiffs' lack of capacity to sue.

Plaintiffs commenced an action against defendants to recover for personal injuries sustained by plaintiff Roberta Reynolds in an automobile accident. Thereafter plaintiffs filed a voluntary chapter 7 bankruptcy petition pursuant to the US Bankruptcy Code (11 USC § 701 *et seq.).*

Defendants filed a motion to dismiss the action pursuant to CPLR 3211 (a) (3), claiming that plaintiffs lacked the capacity to sue because of their discharge from bankruptcy without listing the instant cause of action in the schedule of assets filed in the bankruptcy proceeding. During pendency of the motion plaintiffs moved in Bankruptcy Court to reopen the bankruptcy proceeding and to have a successor trustee appointed. A successor interim trustee was appointed and both plaintiffs and the interim trustee opposed defendants' motion to dismiss.

Supreme Court held that jurisdiction had been properly obtained over defendants long before the filing of the bankruptcy proceeding, that there was no evidence that plaintiffs intentionally withheld disclosure of this action and concluded that substitution of the interim trustee as the proper party plaintiff in this action was appropriate pursuant to CPLR 1018 and 2001 (158 Misc 2d 859, 861-862). Supreme Court then substituted the interim trustee as plaintiff in place of plaintiffs. Defendants Blue Cross of Northeastern New York, Inc. and Blue Shield of Northeastern New York, Inc. (hereinafter collectively referred to as defendants) appeal.

The order of Supreme Court should be reversed and the motion to dismiss granted. Defendants correctly argue that Supreme Court erred in denying their motion to dismiss as plaintiffs were divested of their legal capacity to sue by virtue of the bankruptcy, the action was not abandoned or "dealt with" and substitution could not cure that incapacity.

The failure of plaintiffs to list the pending causes of action

in the schedule of assets in the bankruptcy vested title in the trustee, leaving plaintiffs without capacity to sue and requiring the complaint to be dismissed *(see, Weiss v Goldfeder,* 201 AD2d 644, 644-645; *Stich v Oakdale Dental Ctr.,* 157 AD2d 1011). Once plaintiffs, as debtors, filed bankruptcy, the trustee stood in their shoes as legal representative of the estate and had the legal capacity to commence and prosecute these causes of action arising prior to the bankruptcy *(see, 151-69 Nagle Ave. Assocs. v Jiminez,* 147 Misc 2d 443, 445). While the trustee in bankruptcy has capacity to sue or prosecute in his or her own name *(see, Quiros v Polow,* 135 AD2d 697, 699, *lv dismissed* 72 NY2d 840), substitution is not available to cure the deficiency as a party with no capacity to sue cannot be replaced with one who has capacity in these circumstances *(see, Matter of C & M Plastics [Collins],* 168 AD2d 160, 161-162).

Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.