■ INTEGRATED TRADE ACTIVITIES CORP. et al., Appellants, v GRUMMAN INTERNATIONAL, INC., Respondent, et al., Defendants. [632 NYS2d 609] —In an action to recover damages, inter alia, for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated August 25, 1993, as granted that branch of the motion of the defendant Grumman International, Inc., which was to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the appeal by the plaintiff Sol Sparer is dismissed for failure to perfect the appeal in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Integrated Trade Activities Corp., that branch of the motion by Grumman International, Inc. which was to dismiss the complaint insofar as asserted on behalf of Integrated Trade Activities Corp. is denied, and that part of the complaint is reinstated; and it is further,

Ordered that Integrated Trade Activities Corp. is awarded one bill of costs.

The plaintiff Integrated Trade Activities Corp. correctly argues that it has the legal capacity to commence this action even though its sole shareholder has obtained a discharge in bankruptcy (*see, In re Kolinski*, 100 Bankr 695; *cf., Reynolds v Blue Cross*, 210 AD2d 619).

We have considered the respondent's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.