■ RICHARD PINTO et al., Respondents, v RICHARD ANCONA, Appellant. [692 NYS2d 128] —In an action to recover damages for medical malpractice, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated May 22, 1998, as, upon granting his motion to reargue, adhered to so much of a prior order of the same court entered December 17, 1997, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Carol Pinto, and granted that branch of the cross motion of the nonparty bankruptcy trustee, Alan B. Mendelsohn, on behalf of the bankruptcy estate of the

plaintiff Richard Pinto, which was for leave to be substituted for the plaintiff Richard Pinto.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the bankruptcy trustee which was for leave to be substituted for the plaintiff Richard Pinto and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant.

During a deposition of the plaintiff Richard Pinto in the instant action it was discovered that he had filed a bankruptcy petition in a separate bankruptcy proceeding but failed to disclose in the petition's schedule of assets the pendency of this action. Accordingly, the plaintiff Richard Pinto lacked the capacity to commence this action against the defendant, as his causes of action vested in the bankruptcy trustee (see, Weitz v Lewin, 251 AD2d 402; Hart Sys. v Arvee Sys., 244 AD2d 527; Quiros v Polow, 135 AD2d 697, 699). In light of the defect based on a lack of capacity to sue, the trustee, who re-opened the bankruptcy proceeding, could not be substituted for Richard Pinto in this action (see, Reynolds v Blue Cross, 210 AD2d 619; Matter of C&M Plastics [Collins], 168 AD2d 160, 162). Instead, the trustee must commence a new action in a representative capacity on behalf of Richard Pinto's bankruptcy estate and, in doing so, he will receive the benefit of the 6-month extension embodied in CPLR 205 (see, Carrick v Central Gen. Hosp., 51 NY2d 242, 252; George v Mt. Sinai Hosp., 47 NY2d 170, 179; Goldberg v Littauer Hosp. Assn., 160 Misc 2d 571).

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the derivative action for loss of consortium asserted by the plaintiff Carol Pinto, who was not a party to the bankruptcy proceeding (see, Buckley v National Frgt., 220 AD2d 155, affd 90 NY2d 210, 215-216, 218; Champagne v State Farm Mut. Auto. Ins. Co., 185 AD2d 835, 837). Upon the recommencement of a new action by the bankruptcy trustee, the derivative action by Carol Pinto can be joined with the trustee's action (see, Buckley v National Frgt., supra). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.