*852 OPINION OF THE COURT
Francois A. Rivera, J.
Defendant Trevor E Rampersad moves for an order pursuant to CPLR 3025 (b), granting defendant leave to amend his answer herein to assert the affirmative defense that the plaintiff lacks capacity to sue and, pursuant to CPLR 3211 (a) (3), (5) and (7), as well as the Bankruptcy Code (11 USC § 541), dismissing the plaintiffs complaint for lack of standing and capacity to sue.
The plaintiff,[1] Delia Berry, by her successor in interest, the trustee in bankruptcy, Gregory Messer, cross-moves for an order pursuant to CPLR 3025 (b), to amend the caption of the instant matter to substitute the trustee as plaintiff, in place and stead of Berry, the plaintiff debtor and, for sanctions against defense counsel.
Berry commenced the instant discrimination action on April 18, 2005. Issue was joined by service of defendant’s answer on June 30, 2005. On December 16, 2005, Berry filed a voluntary petition for chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. Upon filing for bankruptcy, a debtor is required to file a statement of financial affairs and a schedule of assets, such as causes of action that may be, or have been, brought by the debtor. All such causes of action must be listed as assets of the bankruptcy estate. Through the act of scheduling, the causes of action are preserved so the bankruptcy trustee may pursue these actions on behalf of the bankruptcy estate. In the bankruptcy proceeding, Berry initially failed to schedule her present discrimination action in her papers. Berry’s indebtedness was discharged, by order of the Bankruptcy Court, on May 8, 2006, and with it, her right to pursue the discrimination action.
In the instant cross motion, plaintiff’s litigation counsel— who has subsequently been appointed special counsel to the bankruptcy trustee, the proposed new plaintiff — alleges that in October 2007, after receiving notification from Berry’s bankruptcy attorney of the bankruptcy filing, he immediately contacted Messer to inform him of Berry’s failure to schedule the action. On January 15, 2008, more than one year and eight months after the order discharging Berry’s indebtedness was *853 entered, Messer moved the Bankruptcy Court to reopen Berry’s bankruptcy case for the purpose of amending her schedules to include her previously omitted discrimination action. During the pendency of the petition to reopen the case, defendant alleges that he, too, discovered the bankruptcy filing and the fact that the instant action had not been originally scheduled. With this information, defendant filed the instant motion to amend his original answer to assert the affirmative defense of the plaintiff’s lack of capacity to sue and to seek dismissal of plaintiffs complaint as a result thereof. Thereafter, on March 20, 2008, the Bankruptcy Court entered an order wherein it granted Messer’s application, reopening the bankruptcy case and vacating the prior decree that discharged Berry’s debt. After being appointed trustee in the newly reopened bankruptcy case, Messer, on April 5, 2008, filed an application to appoint plaintiffs litigation counsel as special counsel to the trustee. On April 16, 2008, Judge Dennis E. Milton signed an order permitting the retention of special counsel for the continuation of the discrimination litigation on behalf of the bankruptcy estate and the substitution of the trustee, for the debtor, as plaintiff in the action. In relevant part, the order reads:
“ORDERED, that the Trustee be, and he hereby is, authorized to retain special Personal Injury Counsel ... to handle and conclude a pending personal injury litigation [the discrimination suit] involving injuries suffered by the Debtor . . .
“ORDERED, that Special Personal Injury Counsel shall, within 30 days of the entry of this order, make a motion to the court in which the personal injury action is pending to substitute the Trustee, Gregory Messer, as the successor in interest to the Debtor in the personal injury action so that the caption shall identify the plaintiff as Gregory Messer, Trustee of the Estate of the Debtor” (citations omitted).
Thereafter, on April 21, 2008, the trustee’s special counsel served the instant cross motion seeking, inter alia, leave to amend the caption of the underlying action to substitute Messer as successor in interest to Berry, as directed in the Bankruptcy Court’s order.
In his motion, Rampersad seeks, among other things, leave to amend his answer for the purpose of asserting an affirmative defense of lack of capacity to sue. CPLR 3025 (b) provides that:
“A party may amend his pleading, or supplement it *854 by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.”
Accordingly, such leave shall be granted, provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (see Santori v Met Life, 11 AD3d 597, 598 [2004], citing Ortega v Bisogno & Meyerson, 2 AD3d 607 [2003]; AYW Networks v Teleport Communications Group, 309 AD2d 724 [2003], lv dismissed 1 NY3d 566 [2003]; Leszczynski v Kelly & McGlynn, 281 AD2d 519 [2001]). The decision whether to grant such leave is within the court’s sound discretion (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; see also Haller v Lopane, 305 AD2d 370 [2003]). Moreover, prejudice to a nonmoving party is not established merely because an amended pleading will defeat his or her claim (see Schrader v Carney, 180 AD2d 200 [1992]).
Title 11 of the United States Code (the Bankruptcy Code) broadly defines property to include causes of action which existed at the time of the commencement of the bankruptcy case (see 11 USC § 541 [a] [1]; Santori, 11 AD3d at 599; Martinez v Desai, 273 AD2d 447 [2000]; Weitz v Lewin, 251 AD2d 402 [1998]; Bromley v Fleet Bank, 240 AD2d 611 [1997]). The court is satisfied that defendant’s motion is neither palpably insufficient nor patently devoid of merit because Berry’s “failure to list a legal claim as an asset in . . . her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes [Berry] from pursuing the claim on . . . her own behalf’ (Santori, 11 AD3d at 599 [citations and internal quotation marks omitted]). Nor does the court find that the requested amendment will prejudice or surprise the opposing party, since Messer, as the proposed new plaintiff, and Rampersad, the defendant, are both moving this court because they agree that Berry no longer has any capacity to pursue this claim. Under the foregoing analysis, that branch of defendant’s motion seeking leave to amend his answer and assert the affirmative defense of lack of capacity to sue is granted.
The court next turns to that branch of defendant’s motion seeking dismissal of the complaint and that portion of plaintiffs cross motion seeking a substitution of the parties.
As a preliminary matter, although defendant moves for dismissal pursuant to CPLR 3211 (a) (3), (5), and (7), his motion *855 discusses only the plaintiffs lack of capacity to sue pursuant to CPLR 3211 (a) (3).
In opposition to Messer’s motion to be substituted in place of Berry, and in support of his motion to dismiss the complaint, Rampersad cites the Second Department case, Pinto v Ancona (262 AD2d 472, 473 [1999]), wherein the Court stated:
“it was discovered that [the plaintiff] had filed a bankruptcy petition in a separate bankruptcy proceeding but failed to disclose in the petition’s schedule of assets the pendency of this action. Accordingly, the plaintiff Richard Pinto lacked the capacity to commence this action against the defendant, as his causes of action vested in the bankruptcy trustee (see, Weitz v Lewin, 251 AD2d 402; Hart Sys. v Arvee Sys., 244 AD2d 527; Quiros v Polow, 135 AD2d 697, 699). In light of the defect based on a lack of capacity to sue, the trustee, who re-opened the bankruptcy proceeding, could not be substituted for Richard Pinto in this action (see, Reynolds v Blue Cross, 210 AD2d 619; Matter of C & M Plastics [Collins], 168 AD2d 160, 162]). Instead, the trustee must commence a new action in a representative capacity on behalf of Richard Pinto’s bankruptcy estate.”
Cited by the Court in Pinto, as well as by the defendant, is Reynolds v Blue Cross of Northeastern N.Y. (210 AD2d 619, 620 [1994]). In relevant part, the decision reads as follows:
“plaintiffs were divested of their legal capacity to sue by virtue of the bankruptcy, the action was not abandoned or ‘dealt with’ and substitution could not cure that incapacity.
“The failure of plaintiffs to list the pending causes of action in the schedule of assets in the bankruptcy vested title in the trustee, leaving plaintiffs without capacity to sue and requiring the complaint to be dismissed (see, Weiss v Goldfeder, 201 AD2d 644, 644-645; Stick v Oakdale Dental Ctr., 157 AD2d 1011). Once plaintiffs, as debtors, filed bankruptcy, the trustee stood in their shoes as legal representative of the estate and had the legal capacity to commence and prosecute these causes of action arising prior to the bankruptcy (see, 151-69 Nagle Ave. Assocs. v Jiminez, 147 Misc 2d 443, 445). While the trustee in bankruptcy has capacity to sue or prosecute in his or her own name (see, Quiros v Polow, *856 135 AD2d 697, 699, lv dismissed 72 NY2d 840), substitution is not available to cure the deficiency as a party with no capacity to sue cannot be replaced with one who has capacity in these circumstances (see, Matter of C & M Plastics [Collins], 168 AD2d 160, 161-162).” (Reynolds v Blue Cross of Northeastern N.Y. at 619-620.)
Under New York State appellate case law, as cited supra, it is clear that in situations where a debtor fails to schedule a cause of action in a bankruptcy petition, the debtor loses not only the ability to begin an action in his or her own capacity, but also the ability to continue to prosecute one as well. Moreover, the failure to schedule the cause of action precludes the substitution of the bankruptcy trustee in the debtor plaintiffs place since the claim is not properly preserved. The impermissibility of substitution carries equally to situations such as the one at bar, where the trustee has successfully reopened the bankruptcy expressly to correct the scheduling error and continue the action on behalf of the bankruptcy estate. The action must be dismissed and may, pursuant to CPLR 205 (a), be refiled by the bankruptcy trustee, in his or her official capacity, if he or she so chooses.
Notwithstanding the authority set forth in both Pinto and Reynolds, this court denies that branch of defendant’s motion seeking dismissal of the action. Significantly, the court notes that, unlike the courts in both Pinto and Reynolds,[2] the plaintiffs motion has been brought pursuant to an order from a Federal Bankruptcy Court. Under the Supremacy Clause of the United States Constitution (US Const, art VI, cl 2),[3] this court is precluded from questioning such an order; the only query being how best to implement its directive.
As previously noted, the Bankruptcy Court order reads in relevant part:
“ORDERED, that the Trustee be, and he hereby is, authorized to retain special Personal Injury Counsel . . . to handle and conclude a pending personal injury litigation [the discrimination suit] involving injuries suffered by the Debtor . . .
*857 “ORDERED, that Special Personal Injury Counsel shall, within 30 days of the entry of this order, make a motion to the court in which the personal injury action is pending to substitute the Trustee, Gregory Messer, as the successor in interest to the Debtor in the personal injury action so that the caption shall identify the plaintiff as Gregory Messer, Trustee of the Estate of the Debtor” (emphasis added).
The Supremacy Clause forbids state courts to disassociate themselves from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source (see Howlett v Rose, 496 US 356, 357 [1990]). As the Appellate Division, Second Department, held in State of New York v Local 1115 Joint Bd., Nursing Home & Hosp. Empls. Div. (56 AD2d 310, 320 n 3 [1977]): “With ultimate recourse to the United States Supreme Court[, s]tate courts are obliged under the Supremacy Clause to follow federal law where applicable and there is no reason to believe that they are unwilling or incapable of so doing” (citations omitted).
Federal law grants the Bankruptcy Court the power to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]” (11 USC § 105 [a]). The intent of the Bankruptcy Court order is clear on its face and this court, under the Supremacy Clause, may not supplant its own interpretation for same. Since this court did not issue the order in question, this court is similarly not the proper venue to question that order. Having satisfied the standard enumerated in Santori, and pursuant to the order from the United States Bankruptcy Court for the Eastern District of New York, that branch of plaintiffs motion seeking to amend the caption of the complaint to substitute the bankruptcy trustee, Gregory Messer, in place of the plaintiff debtor, Delia Berry, must be granted.
Finally, the court turns to that branch of plaintiffs motion seeking sanctions. The court is authorized to impose financial sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1 (a).
“Among the types of conduct which will be considered frivolous are those determined to be ‘completely without merit in law’ or ‘undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another’ (22 NYCRR 130-1.1 [c] [1], [2]; see Ofman v Campos, 12 AD3d *858 581 [2004]; Stow v Stow, 262 AD2d 550 [1999]). In making that determination, the court must consider ‘the circumstances under which the conduct took place’ and ‘whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent’ (22 NYCRR 130-1.1 [c]).” (Glenn v Annunziata, 53 AD3d 565, 566 [2008].)
“ ‘Making claims of colorable merit can constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1 if “undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another” ’ ” (Ofman v Campos, 12 AD3d 581, 582 [2004], quoting Stow v Stow, 262 AD2d 550, 551 [1999], quoting 22 NYCRR 130-1.1 [c] [2]).
A thorough reading of the record before the court does not indicate any action by defense counsel that rises to the level contemplated supra. Accordingly, the court declines to award sanctions at this time.
To recapitulate, that branch of defendant’s motion seeking leave to amend his answer and assert the affirmative defense of lack of capacity to sue is granted and that part of his motion seeking dismissal of the action is denied. That branch of plaintiff’s cross motion seeking sanctions is denied and that portion of his cross motion seeking to amend the caption of the complaint to substitute the bankruptcy trustee, Gregory Messer, in place of the plaintiff debtor, Delia Berry, is granted. The caption shall be amended to read as follows: “Gregory Messer, Trustee of the Estate of the Debtor, Delia Berry, Plaintiff, - against - Trevor P. Rampersad, as Custodial Engineer of ES. 214, and Individually, Defendant.”

. The plaintiff’s cross motion states that the plaintiff is moving for substitution of Messer as successor in interest to the plaintiff debtor when, in effect, it is Messer, through his special counsel who is cross-moving for substitution in the instant cross motion.

. There is no indication that either Court had, during their deliberations, an order similar to that in the case at bar.

. “This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.”