■ HAROLD RIVERA et al., Appellants, v LEE MARKOWITZ et al., Respondents, et al., Defendants. [897 NYS2d 50]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered September 25, 2008, which dismissed the complaint with prejudice as against defendants Markowitz and Wayne, unanimously modified, on the law, to the extent that the complaint is dismissed without prejudice to the trustee commencing an action within the time frame provided in CPLR 205 (a), and otherwise affirmed, without costs.

Plaintiffs Harold Rivera and Carolyn Rivera commenced this

medical malpractice action in July 2002. Ms. Rivera filed a chapter 7 bankruptcy petition in October 2005 and received a discharge in February 2006. Mr. Rivera filed for bankruptcy in September 2006 and received a discharge in December 2006. Neither plaintiff scheduled this malpractice action as an asset in his or her bankruptcy filing.

The motion court properly exercised its discretion in granting leave to amend the answer to assert the affirmative defense of lack of capacity (*see Rudin v Hospital for Joint Diseases*, 34 AD3d 376 [2006]). Plaintiffs' failure to schedule this medical malpractice action as an asset in their bankruptcy petitions deprived them of capacity to sue (*see Whelan v Longo*, 7 NY3d 821 [2006]; *Barranco v Cabrini Med. Ctr.*, 50 AD3d 281 [2008]), and, in light of such defect, the trustees could not be substituted for plaintiffs in this action (*see Gazes v Bennett*, 38 AD3d 287 [2007]; *Pinto v Ancona*, 262 AD2d 472, 473 [1999]).

The order is modified to the extent of dismissing the complaint without prejudice so that it may be commenced by the trustee pursuant to CPLR 205 (a) (*see Genova v Madani*, 283 AD2d 860 [2001]; *Tulis v Nyack Hosp.*, 271 AD2d 684 [2000]; *Pinto v Ancona*, 262 AD2d at 473), and is otherwise affirmed.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.