Goodman v Skanska USA Civ., Inc. (2019 NY Slip Op 01394)





Goodman v Skanska USA Civ., Inc.


2019 NY Slip Op 01394


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-08872
 (Index No. 710630/15)

[*1]Dale R.F. Goodman, etc., respondent,
v
Skanska USA Civil, Inc., et al., appellants.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellants Skanska USA Civil, Inc., Skanska USA Civil Northeast, Inc., Tully Construction Co., Inc., and Skanska/Tully, a joint venture.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Joel M. Maxwell of counsel), for appellant Schlesinger-Siemens Electrical, LLC.
Silberstein, Awad & Miklos, P.C., Garden City, NY (Susan B. Eisner and James Baker of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Skanska USA Civil, Inc., Skanska USA Civil Northeast, Inc., Tully Construction Co., Inc., and Skanska/Tully, a joint venture, appeal, and the defendant Schlesinger-Siemens Electrical, LLC, separately appeals, from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 15, 2016. The order denied the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint, or in the alternative, to limit the plaintiff's recovery to the value of the filed and allowed unsecured claims in the bankruptcy estate based upon the doctrine of judicial estoppel.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
In 2013, Kwame Gordon (hereinafter the debtor) timely commenced a personal injury action seeking damages for injuries he sustained in a workplace accident that occurred on May 4, 2011 (hereinafter the 2013 action). Prior to commencing the 2013 action, the debtor filed a Chapter 7 bankruptcy petition on July 31, 2013. However, he failed to include his personal injury claim in his filing, or disclose the action during the bankruptcy proceeding. He was granted a discharge in bankruptcy on July 9, 2014. The defendants in the 2013 action moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint on the ground that the debtor lacked the legal capacity to sue, since he had not included the claim as an asset in his bankruptcy filings. In an order entered April 17, 2015, the Supreme Court, Queens County, granted the motions.
The Bankruptcy Court reopened the bankruptcy proceeding, and this action was commenced on October 13, 2015, in the name of Dale R.F. Goodman, as trustee of the bankruptcy estate of the debtor. The defendants Skanska USA Civil, Inc., Skanska USA Civil Northeast, Inc., Tully Construction Co., Inc., and Skanska/Tully, a joint venture (hereinafter collectively the Skanska [*2]defendants), and the defendant Schlesinger-Siemens Electrical, LLC, separately moved pursuant to CPLR 3211(a)(5) to dismiss the complaint, arguing that the action was time-barred by the applicable three-year statute of limitations, or in the alternative, to limit the plaintiff's recovery to the value of the filed and allowed unsecured claims in the bankruptcy estate based upon the doctrine of judicial estoppel. In the order appealed from, the Supreme Court denied the motions.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 607; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796; Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL—CIO, 91 AD3d 768, 768-769). As a general matter, an action to recover damages for personal injuries is subject to a three-year statute of limitations (see CPLR 214[5]; Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 767). Here, the defendants met their prima facie burden by demonstrating that the statute of limitations began to run on May 4, 2011, when the alleged accident occurred, and that the instant action was commenced on October 13, 2015, more than three years later (see Barrell v Glen Oaks Vil. Owners, Inc., 29 AD3d 612).
However, in opposition to the defendants' prima facie showing, the plaintiff established that the action was timely commenced pursuant to the savings provision of CPLR 205(a). CPLR 205(a) provides, in part, that "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."
Here, the requirements of CPLR 205(a) have been satisfied. This action would have been timely at the commencement of the 2013 action, the defendants were served within the six-month period after the 2013 action was dismissed, and this action is based on the same occurrence as the 2013 action, i.e., the injuries sustained by the debtor in a workplace accident that occurred on May 4, 2011. Further, dismissal of the 2013 action was not based upon a voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute the action, or a final judgment on the merits (see CPLR 205[a]). Contrary to the defendants' contention, CPLR 205(a) is applicable even though the 2013 action was dismissed based on the debtor's incapacity to sue. The extension provisions of CPLR 205(a) are available to a plaintiff who seeks to recommence an action, notwithstanding that the prior action upon which the plaintiff relies was "invalid" in the sense that it contained a fatal defect (see Carrick v Central Gen. Hosp., 51 NY2d 242).
Although, as a general matter, only the plaintiff in the original action is entitled to the benefits of CPLR 205(a), the Court of Appeals has nevertheless recognized an exception to this general rule under certain circumstances where the plaintiff in the new action is seeking to enforce "the rights of the plaintiff in the original action" (Reliance Ins. Co. v PolyVision Corp., 9 NY3d 52, 57; see George v Mt. Sinai Hosp., 47 NY2d 170, 179). The Court of Appeals also has stated that the statute's " broad and liberal purpose is not to be frittered away by any narrow construction'" (Malay v City of Syracuse, 25 NY3d 323, 327, quoting Gaines v City of New York, 215 NY 533, 539). In this case, the plaintiff, the debtor's bankruptcy trustee, seeks to recommence a personal injury action as the debtor's successor-in-interest. As the debtor's successor-in-interest, the plaintiff has the capacity to commence this action to recover damages for the debtor's alleged personal injuries (see 11 USC § 323; Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168; Reynolds v Blue Cross of Northeastern N.Y., 210 AD2d 619). Consequently, the plaintiff is not seeking to enforce any rights separate and independent from those asserted by the debtor in the prior action (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 199, 202). Accordingly, we agree with the Supreme Court's determination that the plaintiff is entitled to the savings provision of CPLR 205(a) (see Green v Associated Med. Professionals of NY, PLLC, 111 AD3d 1430; Rivera v Markowitz, 71 AD3d 449; Genoa v Madani, 283 AD2d 860; Tulis v Nyack Hosp., 271 AD2d 684; Pinto v Ancona, 262 AD2d 472).
We also agree with the Supreme Court's denial of those branches of the defendants' motions which were to limit the plaintiff's recovery to the value of the filed and allowed unsecured claims in the bankruptcy estate based upon the doctrine of judicial estoppel. Contrary to the defendants' contentions, the doctrine of judicial estoppel is not applicable here. The doctrine of judicial estoppel may bar a party from pursuing claims which were not listed in a previous bankruptcy proceeding (see Moran Enters., Inc. v Hurst, 160 AD3d 638, 640). However, for the doctrine to apply, there must be "a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets" (Koch v National Basketball Assn., 245 AD2d 230, 231). In this case, the bankruptcy proceeding was reopened by the Bankruptcy Court "thereby nullif[ying] the final determination upon which judicial estoppel could be predicated" (id. at 231).
SCHEINKMAN, P.J., MALTESE and BRATHWAITE NELSON, JJ., concur.
LEVENTHAL, J., concurs, and votes to affirm the order, with the following memorandum:
I agree with the result of my learned colleagues in the majority. Nonetheless, I write separately to explain why, in my view, this case is distinguishable from Wells Fargo Bank, N.A. v Eitani (148 AD3d 193).
In Eitani, this Court, in a well-written opinion by Justice Maltese, held, inter alia, that a plaintiff in a mortgage foreclosure action that met all the other requirements of CPLR 205(a) was entitled to the benefit of that statute where, as there, it was the successor-in-interest as the current holder of the note (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 195). I dissented, in a memorandum in which Justice Duffy concurred, because I believed that CPLR 205(a) did not apply in that case where Wells Fargo Bank, N.A., as trustee, in trust for the registered holders of Park Place Securities, Inc., asset-backed pass-through certificates, series 2005-WCW1 (hereinafter Wells Fargo), sought to recommence a foreclosure action originally commenced by a different party, Argent Mortgage Company, LLC (hereinafter Argent) (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 203-204 [Leventhal, J., dissenting). As I explained, "the identity of the entity on whose behalf redress is sought has not remained the same. Wells Fargo is not Argent in a different capacity" (id. at 208). The Court of Appeals, having dismissed the appeal, sua sponte, on the ground that the order appealed from did not finally determine the action within the meaning of the Constitution (see Wells Fargo Bank, N.A. v Eitani, 29 NY3d 1023), has not resolved the dispute over whether CPLR 205(a) was properly applied in Eitani.
This case, where CPLR 205(a) is properly applied, is different from Eitani, where, in my opinion, CPLR 205(a) was not properly applied. Here, the claim, to recover damages for personal injuries Kwame Gordon (hereinafter the debtor) allegedly sustained at his workplace, is the same, and the subsequent claimant, the bankruptcy trustee, is acting as the representative of the named plaintiff in the prior action (see George v Mt. Sinai Hosp., 47 NY2d 170, 179). Indeed, once the debtor petitioned for relief under Chapter 7 of the Bankruptcy Code, all his legal or equitable interests in property at the time, including his personal injury cause of action, became the property of the bankruptcy estate, and only the bankruptcy trustee had standing to commence that personal injury action (see Nicholas v Green Tree Servicing, LLC, 173 F Supp 3d 250, 254-255 [D Md]; see also Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168, 1171; Reynolds v Blue Cross of Northeastern N.Y., 210 AD2d 619, 620; Seward v Devine, 888 F2d 957, 963 [2d Cir]). Consequently, although the debtor is not the bankruptcy trustee, only the bankruptcy trustee could seek redress for the injury the debtor allegedly sustained. In other words, in this case, unlike in Eitani, the identity of the entity on whose behalf redress was sought has remained the same.
ENTER:
Aprilanne Agostino
Clerk of the Court