Fausset v Turner Constr. Co. (2019 NY Slip Op 08173)





Fausset v Turner Constr. Co.


2019 NY Slip Op 08173


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-04547
 (Index No. 1972/15)

[*1]Walter Fausset, respondent, 
v
Turner Construction Company, et al., appellants.


Fuchs Rosenzweig LLP, New York, NY (Douglas R. Rosenzweig of counsel), for appellants.
Argyropoulos & Associates, LLC, Astoria, NY (Susan E. Paulovich of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered April 10, 2017. The order denied the defendants' motion for leave to amend their answer to assert the affirmative defense of lack of capacity to sue, and thereupon, to dismiss the complaint based upon that defense, and granted the plaintiff's cross motion to amend and re-serve the summons and complaint so as to substitute Richard J. McCord, as Trustee for the Estate of Walter Fausset, as the plaintiff in the action.
ORDERED that the order is affirmed, with costs.
In February 2015, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on January 29, 2014. Thereafter, on July 8, 2015, the plaintiff filed a voluntary petition for chapter 7 bankruptcy in the United States Bankruptcy Court, Eastern District of New York (hereinafter the Bankruptcy Court), listing total assets of $289 and total liabilities of $32,874. The plaintiff did not list the instant action as an asset of the bankruptcy estate. The plaintiff was discharged from bankruptcy on October 15, 2015.
On or about October 31, 2016, after learning of the bankruptcy proceeding, the defendants moved for leave to amend their answer to assert the affirmative defense of lack of capacity to sue, and thereupon, to dismiss the complaint pursuant to CPLR 3211(a)(3) and 11 USC § 541. On or about November 14, 2016, the bankruptcy trustee moved in the Bankruptcy Court to reopen the plaintiff's case because assets existed to be administered by the trustee. On January 5, 2017, the Bankruptcy Court issued an order authorizing the bankruptcy trustee to retain Argyropoulos & Associates, LLC, the plaintiff's counsel, to act as the trustee's personal injury counsel to handle and conclude the pending personal injury action. The Bankruptcy Court further ordered counsel, within 30 days of the entry of the order, to move in the court in which the personal injury action was pending to substitute the trustee as successor in interest to the plaintiff so that the caption would identify the plaintiff as Richard J. McCord, as Trustee of the Estate of Walter Fausset.
On or about January 10, 2017, the plaintiff cross-moved in the instant action for leave to amend the complaint to substitute the bankruptcy trustee as the plaintiff, and re-serve the complaint pursuant to CPLR 3025 and/or 2001. Alternatively, the plaintiff contended that should the Supreme Court grant the defendants' motion for leave to amend their answer, and thereupon, to dismiss the complaint, the bankruptcy trustee should be permitted to recommence the action pursuant to CPLR 205. However, the order of the Bankruptcy Court did not mention CPLR 205 or authorize the bankruptcy trustee to commence a new action pursuant to that provision. In opposition to the plaintiff's cross motion, the defendants asserted, inter alia, that the complaint should be dismissed with prejudice or, alternatively, in the event that the court dismissed the complaint without prejudice to be refiled by the trustee, the court should limit recovery to $32,874, the amount of debt listed in the bankruptcy petition. In reply, the plaintiff asserted that the relief requested in his cross motion conformed with the order of the Bankruptcy Court.
In an order entered April 10, 2017, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion, finding no intention by the plaintiff to deceive either the court or the parties in failing to list the instant action in his schedule of assets originally filed in the Bankruptcy Court. The defendants appeal.
The defendants moved for leave to amend their answer shortly after learning of the plaintiff's bankruptcy proceeding. The proposed amendment to assert the affirmative defense of lack of capacity to sue was not patently devoid of merit. Generally, under these circumstances, leave to amend the answer should be granted (see Santori v Met Life, 11 AD3d 597, 598). However, in the instant action, the Supreme Court, in effect, ruled on that affirmative defense on the merits, by ruling that the bankruptcy trustee, who had the capacity to sue, should be substituted for the plaintiff, who no longer had the capacity to sue.
The rule that a substitution cannot be made is grounded in Reynolds v Blue Cross of Northeastern N.Y., Inc. (210 AD2d 619). In that case, the plaintiffs commenced an action against the defendants to recover damages for personal injuries. Thereafter, the plaintiffs filed a voluntary petition for chapter 7 bankruptcy, and failed to list the action on the schedule of assets. After the plaintiffs were discharged from bankruptcy, the defendants moved to dismiss the complaint, alleging that the plaintiff lacked the capacity to sue. During the pendency of the motion, the plaintiffs moved in the Bankruptcy Court to reopen the bankruptcy proceeding and to have a successor trustee appointed. A successor trustee was appointed, and both the plaintiffs and the interim trustee opposed the defendants' motion to dismiss. The Appellate Division, Third Department, determined that substitution was not available to cure the deficiency, on the ground that a party with no capacity to sue could not be replaced with one who had the capacity to sue, citing Matter of C & M Plastics (Collins) (168 AD2d 160, 161-162). However, in Matter of C & M Plastics (Collins), the proceeding in the Supreme Court was commenced after a bankruptcy petition was filed; therefore, in that case, the plaintiff did not have capacity to sue at the time of the commencement of the action.
Although subsequent cases have held that a substitution of the bankruptcy trustee for the plaintiff cannot be made, even if the plaintiff had the capacity to sue at the time the action or proceedings was commenced (see Rivera v Markowitz, 71 AD3d 449, 450; Pinto v Ancona, 262 AD2d 472), other cases have held that where a motion for substitution was made at the direction of a bankruptcy court, the motion should be granted, as a matter of comity (see Berry v Rampersad, 21 Misc 3d 851 [Sup Ct, Kings County]). In Matter of Long Is. Forum for Tech. v New York State Div. of Human Rights (85 AD3d 791), a bankruptcy petition was filed during the pendency of a proceeding before the New York State Division of Human Rights which thereafter ruled in favor of the complainant. In a proceeding pursuant to CPLR article 78 challenging that determination, this Court annulled the determination but ruled that the trustee could continue with the proceeding before the Division of Human Rights to obtain a new determination as a matter of comity, in deference to the Bankruptcy Court.
As a matter of comity, and in deference to the determination of the Bankruptcy Court, we agree with the Supreme Court's determination to grant the plaintiff's cross motion, inter alia, to substitute the bankruptcy trustee as the plaintiff, and to deny the defendants' motion for leave to [*2]amend their answer to assert the affirmative defense of lack of capacity to sue, and thereupon, to dismiss the complaint.
The defendants' remaining contentions are without merit (see Goodman v Skanska USA Civ., Inc., 169 AD3d 1010, 1012-1013).
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court